Good morning. We have five cases to be heard. One case originally on the calendar, Lerner v. Satter, No. 18-914, will be submitted as of June 20, 2019, just to say tomorrow, by virtue of a motion that was granted yesterday. We'll turn to the first case on the calendar, which is Sinkler v. Berryhill. Berryhill, yeah. The issue that you have been asked to decide this morning is, what rule applies to the time limits for filing a motion for attorney's fees under 42 U.S.C. 406b1? Our position is that the standard in the district courts of the circuit has always been and should continue to be one of reasonableness. The case law on the issue has given us two choices, Federal Rule of Civil Procedure 54d and Federal Rule of Civil Procedure 60b. In the briefing, we explained why 54d should not apply. The purpose of the time limit in 54d is to provide notice to the opposing party, ensure the case is freshly in mind when fees are determined, and to limit the amount of appeals in a case. Do you prevail even if it is reasonableness, though? Didn't the district court conclude it was not reasonable, the time period? Yes, Your Honor. She did decide that it was not reasonable, but it's our position. There was a case in the Southern District of New York and a case in the Northern District of New York, both of which were decided while our motion was pending. One of them found a motion or granted a motion after 213 days. The other granted a motion after 177 days. Our motion was filed 190 days after the notice of award was issued. So if 213 days and 177 days are reasonable, how is it that 190 days is not? Because sometimes the circumstances can explain the delay, and as I understand it, your client does not really offer any explanation for this period of time or if I missed something. Unfortunately, by the time Judge Wolford denied our motion, we had no idea what happened. Our staff completely switched over and no one knew if there was a specific issue with this motion. I can tell you that at the initial level, the fee petition was denied. So there was a determination, do we go for federal court? Do we try again at the agency? That's all I know, unfortunately. Why is that an explanation that makes the amount of time here, the 190 days, reasonable? We're talking about, you have to persuade the court it's reasonable. What did you tell them was the reason for needing this much time? Your Honor, we relied on the case law at the time that led us to believe that our motion was filed within a reasonable time. You don't think that the amount of time on a reasonable standard is linked to what the explanation is for needing that time? I can tell you in the 177-day case, the Gough Beverry Hill, that was one of our motions and the court didn't even consider it. They just granted the motion and that was that. So we were led to believe that they would not consider timeliness. I may have misunderstood your initial comments. Didn't you suggest that you had lost track of this and your delay wasn't purposeful? Maybe I misunderstood what you said about what was going on in your office. Your Honor, unfortunately, at the time the motion was filed, there was a different set of staff working on these motions. They had all left and a brand new set of staff was working. So people are not there. Assuming that to be the case, how is that consistent with the argument that you thought that this delay was appropriate in the circumstances? It's solely based on the case law where there was a 213-day motion. But it's retrospective. Your view of this is, having discovered, oops, we've missed this deadline and all of that, then you say you compare it to other cases. But it wasn't that you were thinking that you had this opportunity for delay, right? At the time when we filed our motion, we believed there wasn't going to be a timeliness issue. There had never been a timeliness issue before. So we had no reason to believe that we had to rush to file this motion within a certain amount of time. Your clients passed due benefits. Were they delayed in any way because of your motion? We believe they were not. She has received the bulk of the benefits. What is still sitting is the 25 percent that's still sitting there. The only thing that she would get back is the about $6,000 in EGF fees that we were awarded. My question, and you've answered part of it, more precisely, were her past due benefits delayed initially at any time because your motion for attorney's fees had not been filed? Only that 25 percent portion that goes for attorney's fees. Everything else has already been remitted to the client. Okay. I'm almost out of time. So I would like to point out that 406B1 states that the court is supposed to enter it as part of its judgment. This is not a fee-shifting statute like all their motions for attorney's fees. The court's supposed to do this when it remands the case, but it can't, and that's why 60B should apply. And there's no second judgment, right? There's only the June 2, 2015 judgment where it was sent back, ordered to be sent back for administrative rehearing, but there's never a judgment after that, right? Right. It goes to the original judgment remanding the case, Your Honor. Thank you very much, Ms. Palmer. Good morning, Your Honors, and may it please the Court. Hitano Shamsundar for the Commissioner. The question before the Court here is simple. Was Mr. Olinsky's 406B motion timely? The Commissioner's position is that it was not under either standard. The standard set forth in Walker, the standard set forth in McGraw. As the district court ruled that the standard . . . when the district court ruled that the standard was a 14-day limit that is told by the . . . until the notice of award is issued, the district court alternatively held that even if it was considered under the reasonableness standard . . . excuse me. What's your position on . . . it seems like there should be some clarity here as to which standard should apply. It seems like everybody says that. Should we apply the 60B reasonableness approach or the 54, Rule 54, 14 days but equitable tolling like the Walker case says? It sounds like one of those is probably the better approach that nobody ever gets feed, the 25% fee, right? Your Honor, the Commissioner's position is that we do not have . . . we don't take a position as to what the correct standard is. We are happy to work with what the court sets forth as a standard and we will do so under the law but . . . Let me ask you this. It's unclear in this court what the standard is, right? Yes. Why isn't it appropriate if we identify a standard to remand this and let the court consider it because it was their adequate consideration of whether there should be tolling, whether there were reasonable excuses here? I think the district court in its decision held that under either standard this was . . . excuse me. Under either standard the motion was untimely because Attorney Alinsky did not provide any reasons for the delay. But the point is why shouldn't they get to provide a reason? I mean, they thought it was reason for the delay. Counsel's now explained that it was this staffing switchover that contributed to it. Should the district court consider this? Well, Your Honor, Attorney Alinsky had a chance to submit these reasons to the district court. When the district court . . . excuse me. When Attorney Alinsky filed the 406B motion, the agency responded and noted that the law is unclear and discussed both the McGraw standard and the Walker standard. Attorney Alinsky did not file a response. The district court denied the 406B motion and noted that Attorney Alinsky did not file any reasons for the delay. Attorney Alinsky filed a 59E motion to alter or amend the judgment and again did not provide any reasons for the delay. The district court denied that motion. Attorney Alinsky filed an appeal and again until today did not provide any reasons for the delay. So she's . . . excuse me. Attorney Alinsky has had several times, several opportunities to provide reasons for the delay both to the district court and in briefing to the appellate court here and had failed to do so. You heard Ms. Palmer's explanation of the reasons for the delay. None of that was before the district court? No, Your Honor. This is all new? It was not before the district court. It was not in her briefing to the circuit court here. Well, thank you very much, sir. Thank you, Your Honor. Ms. Palmer, you have reserved one minute. What do you make of that? Your Honor, I would like to point out the commissioner argues that based on their response to our motion, we should have known that timeliness was going to be an issue. The district court routinely files boilerplate responses to all motions that are filed after so many days. I can't tell you the specific day because I don't know. They continue still now to file these same boilerplate responses to our motions that we have to defend the timeliness of the filing. As the case law stood in the district courts, in this circuit, which we believe are the more important cases, the only standard was one of reasonableness and there is no reasonableness to file boilerplate responses to motions that are filed after so many days. I would like to point out that the district court has raised largely by boilerplate motions as those of us who are district judges would just say, all of us, no, but that's not a particular problem. No, but they have filed . . . There's good boilerplate, there's bad boilerplate. Yeah, they have filed similar motions in other cases that we have filed motions and the court has granted our motions without consideration of the issue. That's the point. Okay. Thanks very much, Ms. Bowman. And thank you, sir. We appreciate your presence and your arguments and we'll turn . . . We'll reserve decision.